**Guillermo PEREZ, Petitioner–Appellant,**

v.

**Janet RENO, U.S. Attorney General; Richard V. Cravener, District Director of the Houston District of the INS, Respondents–Appellees.**

No. 99–20583
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 2000.

Salvador Colon, Houston, TX, for Petitioner–Appellant.

William Campbell Erb, Jr., Margaret J. Perry, U.S. Dept. of Justice, Immigration Litigation, Civil Div., Washington, DC, for Respondents–Appellees.

---

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:

Guillermo Perez has appealed the district court's judgment dismissing his habeas petition for failure to state a claim. Perez contends that Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), as amended (pertaining to eligibility for waiver of inadmissibility), is unconstitutional because it distinguishes without a rational basis between aggravated felons who are lawful permanent residents of the United States and those who are not. We dismiss the petition for lack of jurisdiction.

The Government contends that the district court lacked jurisdiction. Because the deportation proceedings against Perez were commenced after April 1, 1997, the so-called "permanent rules" of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") are applicable. *Max–George v. Reno,* 205 F.3d 194, 197 n. 3 (5th Cir.2000) (citing *Requena–Rodriguez v. Pasquarell,* 190 F.3d 299, 302–03 (5th Cir.1999) (applying the temporary rules)).

In *Max–George,* the court held that the "IIRIRA's permanent provisions eliminate § 2241 habeas corpus jurisdiction for those cases that fall within [8 U.S.C.] § 1252(a)(2)(C)." 205 F.3d at 199. Section 1252(a)(2)(C) provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any *final order of removal* against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C) (emphasis added).

Perez does not dispute that he is removable by reason of having committed a criminal offense. Instead, Perez contends that *Max–George* should be distinguished because he is not seeking review of a "final order of removal" but has challenged instead "the unconstitutional unavailability of a waiver which would allow him to return *after* his removal order" pursuant to § 1182(h). This argument is without merit.

Section 1252(a)(2)(B) provides: "Notwithstanding any other provision of law, no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section 1182(h)...." 8 U.S.C. § 1252(a)(2)(B). In *Max–George* the court held that the phrase in § 1252(a)(2)(C), "[n]otwithstanding any other provisions of law, no court shall have jurisdiction," constituted an explicit repeal of § 2241 habeas jurisdiction. 205 F.3d at 198–99. Section 1252(a)(2)(B) begins with the same phrase. *See* § 1252(a)(2)(B). Because § 1252(a)(2)(B) and § 1252(a)(2)(C) both contain the jurisdiction-repealing language, the fact that this case concerns the unavailability of a waiver instead of an order of removal does not provide a basis for distinguishing *Max–George.*

PETITION DISMISSED.